THE PEOPLE v. DENSMORE, appellant.

*Constitutional law — Canal contracts — appropriations for local or private purposes. Chap. 160, Laws 1870 — Chap. 930, Laws 1871 — Const., Art. 7, § 3; Art. 1, § 9.*

By chap. 160, Laws of 1870, the canal board is authorized to pass upon and award damages upon a claim of George Densmore, a contractor, for the building of a canal lock for damages sustained "in being compelled to pay an enhanced price for the transportation of stone for said lock by reason of the obstruction of navigation on the canal * * * or by reason of any cause not contemplated at the time of the letting of the contract * * * which the State should in equity pay." The canal board, on the 5th of August, 1870, awarded to Densmore, in pursuance of the act, $7,493.49. This was paid him by the auditor of the canal department out of the sum of $38,410.65, appropriated by act of the legislature in 1871 (chap. 930) "for the payment of allowances made by the canal board in the year 1870." Both acts mentioned were passed by less than a two-thirds vote.

*Held,* that said acts were not in contravention of the provisions in art. 7, § 3 of the State constitution, that "all contracts for work or material on any canal shall be made with the person who shall offer to do or provide the same at the lowest price, with adequate security for their performance."

The provision in question is a restriction upon the officers of the State having charge of constructing or repairing the canals, and the legislature is not by it prohibited from relieving a contractor from a hard bargain or from liquidating and paying a just claim accruing to him in the performance of his contract under circumstances raising an obligation on the part of the State to pay.

The act of 1871 (chap. 930) was not as to the appropriation for the payment of allowances made by the canal board invalid under art. 1, § 9, which provides that "The assent of two-thirds of the members elected to each branch of the legislature shall be requisite to every bill appropriating the public moneys or property for local or private purposes."

An appropriation to pay the debts of the State, or any single debt thereof, is not an appropriation for a private purpose.

. APPEAL by defendant from a judgment entered upon an order overruling a demurrer to the complaint. The facts appear in the opinion.

*J. S. Landon*, for appellant.

*F. .C. Barlow*, attorney-general, for respondent.

PARKER, J. This is an appeal from a judgment entered against defendant in pursuance of an order of special term overruling defendant's demurrer to the plaintiff's complaint.

The complaint alleges that on the 5th day of September, 1868, the defendant made a contract with the plaintiff to build a lock on the Champlain canal; that he completed the work May 1, 1869, and received payment in full according to the contract July 21, 1869. That afterward the legislature by less than a two-thirds vote passed an act for the relief of the defendant in the words following — Laws of 1870, chap. 160:

"SECTION 1. The canal board is hereby authorized and empowered to hear and determine the claim of George Densmore for damages alleged to have been sustained by him in and about the construction of Becker's lock, on the Champlain canal, in the years 1868 and 1869. And if it shall appear to said board that the said George Densmore has sustained damage, in being compelled to pay an enhanced price for transportation of stone for the construction of said lock by reason of the obstruction of navigation on the Champlain canal, during the navigable season, while said lock was in course of construction, or by reason of any cause not contemplated at the time of the letting of the contract for said lock, which the State should in equity pay, they shall award to him such damages."

That the canal board subsequently heard the defendant's claim, presented to them pursuant to the act, and on the 5th of August, 1870, awarded him damages in the sum of $7,493.49, which was paid to him on the 25th of November, 1871, by the auditor of the canal department, out of the sum of $38,410.65, appropriated by act of the legislature (chap. 930, Laws of 1871) for the payment of allowances made by the canal board in the year 1870, which last-mentioned act was passed by less than a two-thirds vote. And it is charged that both of said acts, the action of the canal board under them, and of the auditor in the payment of the money, were void

as being in contravention of the provisions of article 7, section 3, of the constitution of the State, which provides that "all contracts for work or materials on any canal shall be made with the person who shall offer to do or provide the same at the lowest price, with adequate security for their performance," and as being also in contravention of the provisions of article 1, section 9, of said constitution, which provides that "the assent of two-thirds of the members elected to each branch of the legislature, shall be requisite to every appropriation of the public moneys or property for local or private purposes," and hence that the payment of the money to the defendant was without authority of law. It is also alleged that prior to the commencement of the action the plaintiffs requested of the defendant the repayment of the money and interest, which was refused.

Upon these facts this action is brought to recover back the money.

The defendant demurred to the complaint upon the ground that it does not state facts sufficient to constitute a cause of action.

The demurrer was at special term overruled, and judgment given for the plaintiff for the recovery of the money so paid to the defendant with interest.

The attorney-general, in behalf of the plaintiff, insists, in the first place, that the law for the relief of the defendant "is an attempt to raise canal prices, prohibited by the last clause of section 3, article 7, of the constitution."

The provision of the constitution in question, which is above quoted, is a restriction upon the officers or agents of the State, having charge of the constructing and repairing of the canals, as to the awarding of contracts, when the work is done by contract — requiring such contracts to be given to the lowest bidder — and there is undoubtedly an implication that the price thus bid is to be the contract price, by which the parties to the contract are to be governed, and that this is not to be evaded by the contracting board, by a raising of the price either before or after the fulfillment of the contract.

It does not follow, however, that the *legislature* is, by the constitutional provision, prohibited from relieving a contractor from the effects of a hard bargain with the State — much less, that it is prohibited from liquidating and paying a just claim upon the State, for damages accruing to a canal contractor in the performance of his

contract, under circumstances raising an obligation on the part of the State to pay them; and it is difficult to see how the act for the relief of the defendant is an attempt to raise canal prices in contravention of the constitution.

The act, upon its face, does not assume to interfere at all with the price fixed by the contract, or to increase such price. The contract had been fully performed by the defendant, and the contract price paid by the plaintiffs before the passage of the act. It proceeds upon the ground of a claim by the defendant upon the State — not for an increased price for the work done, but for damages arising out of circumstances connected with its performance, which render the State bound in equity to pay them.

No one can doubt that a just and equitable claim might thus arise against the State as well as against an individual under similar circumstances, which, in the latter case, might be enforced by action; and in such case I do not doubt that it is not only competent for the legislature, but its moral duty, to recognize the obligation of the State, and provide for its fulfillment.

In the case before us the complaint does not charge or intimate that the damages to provide for the determination and liquidation of which the act was passed, were in fact any other than such as they appear to be on the face of the act — damages which the State should in equity pay — and hence, if the position rested upon by the plaintiffs, that the restriction of the constitution extends to the legislature were correct, the complaint fails to show a contravention, or an evasion of the provision in question. No presumption can be indulged against the good faith of the act. It must here be regarded as intending to provide for the liquidation of an equitable claim for damages against the State, and not for an evasion of the constitutional provision.

We have no doubt of the power of the legislature to pass the law. It is not contended that this act required a two-thirds vote.

But it is insisted that the act appropriating the money out of which these damages were paid, was, as to such appropriation, invalid, because passed without a two-thirds vote. The constitutional provision upon which this position is founded (*art.* 1, § 9) requires the assent of two-thirds of the members elected to each branch of the legislature to every bill appropriating the public moneys or property for local or private purposes.

The act in question (chap. 930, Laws of 1871), among many other

appropriations applicable to construction and extraordinary repairs of the canals, has the following: "For the payment of the allowances made by the canal board during the year 1870, with interest thereon, as allowed by law, the sum of $38,410.65."

Is this appropriation one for a local or private purpose within the meaning of the constitution?

The liquidation of the defendant's claim for damages, by the canal board, under the act for his relief above cited, made the defendant the creditor of the State to the amount allowed him upon his claim. There can be no doubt of this, if the act by virtue of which the canal board acted was valid, as we have already seen that it is. The State was as much bound to satisfy that indebtedness as it was to pay defendant the contract price due him, upon the fulfillment of his contract.

An appropriation of the public moneys to pay the debts of the State, or any single debt thereof, cannot be regarded as an appropriation for a *private* purpose (confessedly it is not *local*) within the sense of the constitutional provision under consideration. Such an appropriation is a provision for the discharge of a public obligation, which is not a private purpose. *Morris* v. *The People,* 3 Denio, 381, 399.

I am constrained, for the reasons above given, to hold that the complaint does not state facts sufficient to constitute a cause of action, and that the demurrer was well taken.

The judgment and order of the special term must therefore be reversed, and the demurrer to the complaint sustained with costs, with liberty to the plaintiffs to amend their complaint on payment of costs of the demurrer.

BOARDMAN, J., concurred.

*Judgment and order reversed.*